UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHADWICK S. PRICE** | **CIVIL ACTION** |
| v. | NO:   11-1663 |
| | SECTION: C-2 |
| **SUPREME COURT OF LOUISIANA and COMMITTEE ON BAR ADMISSIONS OF THE SUPREME COURT OF LOUISIANA** | |

### ORDER AND REASONS

This matter comes before the Court on motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, filed by the defendants, the Louisiana Supreme Court and the Committee on Bar Admissions of the Supreme Court of Louisiana (the "Committee"). Having considered the record, the memoranda of counsel and the law, the Court has determined that dismissal is appropriate for the following reasons.

### I. Background

The plaintiff, Chadwick S. Price ("Price"), alleges that the defendants' policy of denying admission to the Louisiana bar of applicants designated alcohol abusers (that have not complied with treatment recommendations by the Lawyer's Assistance Program) violates the procedural due process required by the Fourteenth Amendment to the United States Constitution. (Rec. Doc. 1 at ¶ 1). After passing the February, 2011 Louisiana bar examination, the Committee informed Price by a letter dated April 29, 2011, that the Committee was unable to certify him for admission as a result of certain alcohol related incidents, including a DWI in April, 2002 and another in October, 2003. *In re Price*, 2011-1098 (La. 6/22/11) 66 So.3d 429; (Rec. Doc. 1 at ¶ 6). Price petitioned for the appointment of a commissioner to gather evidence and make a recommendation to the Court. (Rec. Doc. 1 at ¶ 7). However, Price apparently chose not to

submit a written response to rebut the Committee decision. *In re Price*, 2011-1098 (La. 6/22/11), 66 So.3d 429; (Rec. Doc. 1 at ¶ 6). In a court order dated June 22, 2011, the Louisiana Supreme Court denied the petition for a commissioner. *See* (Rec. Doc. 1 at ¶ 8); *In re Price* 2011-1098 (La. 6/22/11). The Court noted that Price failed to comply with the Committee's recommendations that Price execute a recovery agreement with the Lawyer's Assistance Program and enroll in an intensive outpatient program, both to prove that Price does not suffer from alcohol abuse. *See* (Rec. Doc. 1 at ¶ 8); *In re Price* 2011-1098 (La. 6/22/11) ("In cases involving a diagnosis of alcohol abuse, the court has adopted a policy that the applicant sign a [Lawyer's Assistance Program] contract prior to seeking admission, and comply with any other treatment recommendations made by the [Lawyer's Assistance Program] evaluator."). After the determination by the Louisiana Supreme Court that "no useful purpose would be served by appointing a commissioner under [the] facts," Price applied for a rehearing of the court order which the Louisiana Supreme Court denied on July 8, 2011. *See In re Price* 2011-1098 (La. 6/22/11); *In Re Price* 2011-1098 (La. 7/8/11), 67 So.3d 470.

The defendants move to dismiss the challenge to the constitutionality of the Louisiana Supreme Court and Committee policy. (Rec. Doc. 5). The defendants argue that Price's complaint fails to state a claim upon which relief can be granted because Price was afforded due process in his denial of admission to the bar. (Rec. Doc. 5 at ¶ 1). Defendants also move separately for dismissal arguing that the previous Louisiana Supreme Court judgments bar the claims through *res judicata* and the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); (Rec. Doc. 5 at ¶¶ 2-3).

## II. Law and Analysis

Due process prohibits a State from excluding a person from the practice of law without providing notice and hearing on the grounds of exclusion. *Willner v. Comm. on Character and Fitness*, 373 U.S. 96, 103, 106 (1963). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Mathews v. Eldridge*, 424 U.S. 319 (1976) (citing *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Procedural due process entitles a rejected bar applicant to notice and an opportunity to be heard, however, an opportunity to be heard does not require an oral or evidentiary hearing on the issue. *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000); *see also Mathews*, 424 U.S. at 348 ("The judicial model of an evidentiary hearing is neither a required, nor even the most effective, method of decision making in all circumstances.") (quoting *Joint Anti-Fascist Comm. v. McGrath*, 341 U.S., 123, 171-172 (1951) (Frankfurter, J., concurring)). "The opportunity to brief the issue fully satisfies due process requirements." *Pac. Harbor Capital*, 210 F.3d at 1118.

Price requests that this Court declare the policy of the Louisiana Supreme Court and the Committee unconstitutional for summarily denying a "quasi-judicial hearing" to bar applicants diagnosed with alcohol abuse by Committee evaluators. (Rec. Doc. 1 at ¶ 14(a)). However, the Louisiana Supreme Court Rules provided Price with an opportunity to challenge the Committee's finding of alcohol abuse in writing on several occasions.  First, under Louisiana Supreme Court Rule XVII, Section 4(B), an applicant is permitted to submit a written response to the notice provided by the Committee of the adverse information that led to the preliminary determination that the applicant may not be certified for admission to the bar. LA. SUP. CT. R.

XVII § 4(B). Upon Committee notification that the applicant's response, if submitted, has not altered the Committee's determination about fitness, the applicant may once again submit a written response or materials relevant to the adverse information. *Id.* Second, an applicant may file a Petition for Admission to the Bar with the Louisiana Supreme Court to contest the Committee's determination. § 9(B). The Louisiana Supreme Court may then decide to appoint a Commissioner to take evidence and report to the Louisiana Supreme Court before making a determination that may approve, modify or reject the Committee's determination. § 9(D).

Price was not denied procedural due process by the Committee and the Louisiana Supreme Court, but rather apparently chose not to avail himself of the opportunities to counter the Committee's decision. Price failed to exercise his right to a written "hearing," having instead inserted such useful information into the body of the complaint before this Court rather than in his letters to appeal the Committee's decision. *See In re Price* 2011-1098 (La. 6/22/11); *In Re Price* 2011-1098 (La. 7/8/11); (Rec. Doc. 1 at ¶¶ 11, 12). Therefore, this Court finds that Price failed to state a claim upon which relief can be granted because Price was afforded an opportunity to be heard, as due process requires.

The *Rooker-Feldman* doctrine holds that only the United States Supreme Court has subject matter jurisdiction over claims seeking the review, modification or reversal of final state court judgments. *Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Williams v. Liberty Mut. Ins. Co.*, 2005 WL 776170 (5th Cir.). The United States Supreme Court has more recently defined its application to be confined to "... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This doctrine has been applied to cases removed to federal court after entry of state court judgment. *See Nelson v. Uran*, 175 F.3d 1015 (4th Cir.1999). "The unsuccessful litigant in state court litigation must appeal his judgment through the state court system, and may not ask the federal district court to review it." *Sisung Sec. Corp. v. Zurich Am. Ins. Co.*, 2007 WL 781971 (E.D. La. 2007) (quoting 18 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 133.30[3] (LexisNexis 2006).

      As Price concedes, the *Rooker-Feldman* doctrine precludes this Court from reviewing the Louisiana Supreme Court's decision to refuse admission to Price. (Rec. Doc. 8 at 8). Price can only appeal the Louisiana Supreme Court decision to refuse Price's admission to the bar to the United States Supreme Court. Therefore, the second claim for relief requested of this Court, to "order that the Louisiana Supreme Court and [Committee] provide notice and a quasi-judicial hearing to [Price] on the issue of his character and fitness for admission to the bar of the State of Louisiana," is barred by the *Rooker-Feldman* doctrine. The decision not to provide Price with an oral hearing is a final decision of the highest court of Louisiana and therefore cannot be reviewed by this, or any, federal district court.

      As for the due process claim, Price is correct in that the *Rooker-Feldman* doctrine does not apply to a general challenge of the constitutionality of a state's bar admissions policy. *Id.* The general challenge Price mounts is that the "express policy of the Louisiana Supreme Court-a policy that refuses both admission and a quasi-judicial hearing to applicants diagnosed with 'alcohol abuse' " is unconstitutional. *Id.* at 9. However, as noted above, the allegedly unconstitutional policy neither exists, nor is practiced, in the manner that Price alleges. As already noted, Price had several opportunities to submit written materials to the Committee and

the Louisiana Supreme Court to provide evidence of his moral character and refute, what Price deemed, a mischaracterization of alcohol abuse, but Price failed to exercise his right to submit that evidence. *See In re Price* 2011-1098 (La. 6/22/11); *In Re Price* 2011-1098 (La. 7/8/11); (Rec. Doc. 5-1 at1-3).

The doctrine of *res judicata* serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, [prevent] inconsistent decisions, [and] encourage reliance on adjudication" by barring "further claims by parties or their privies based on the same cause of action." *Dean v. Mississippi Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010) (citing *Davenport*, 484 F.3d 321, 326 (5th Cir. 2007)). Issues previously decided by a state's highest court are *res judicata* and as such cannot be relitigated again in a federal court. *See Goodrich v. Supreme Court of State of South Dakota,* 511 F.2d 316 (8th Cir. 1975); *Louis v. Supreme Court of Nevada*, 490 F. Supp. 1174, 1179 (D. Nev. 1980). The federal courts may not "employ their own rules of *res judicata* in determining the effect of state judgments. Rather ... a federal court [must] accept the rules chosen by the State from which the judgment is taken." *Shimon v. Sewerage & Water Bd. of New Orleans*, 565 F.3d 195, 199 (5th Cir.2009).

Louisiana's doctrine of *res judicata* bars relitigation of a final judgment concerning subject matter arising from the same transaction or occurrence of a previous suit. *See* LA. REV. STAT. ANN. § 13:4231; *Ave. Plaza, L.L.C. v. Falgoust*, 96-0173 (La. 7/2/96); 676 So. 2d 1077, 1079. A judgment that determines the merits of a case is a final judgment. *See* LA. CODE CIV. PROC. ANN. art. 1841 (2011); *Ave. Plaza*, 96-0173 (La. 7/2/96); 676 So. 2d at 1079. Under Louisiana law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review. LA. REV. STAT. ANN. § 13:4231. A final judgment on the merits

precludes the parties from relitigating matters that were, or could have been, raised in that prior action. *Hudson v. City of Bossier*, 33,620 (La. Ct. App. 2 Cir. 8/25/00); 766 So. 2d 738, 743.

Here, the prior litigation between the two parties resulted in final judgments on the matter of Price's character and fitness qualifications and efforts to appeal those decisions. *In re Price* 2011-1098 (La. 6/22/11); *In Re Price* 2011-1098 (La. 7/8/11). The Louisiana Supreme Court rendered its judgment based on the merits of the case after reviewing the record and petitions of Price to the Committee and the Louisiana Supreme Court. Moreover, this Court lacks the subject matter jurisdiction to hear an appeal of the final judgment of the Louisiana Supreme Court; such authority resides only with the United States Supreme Court. Secondly, Price's cause of action arises out of the same occurrence that was the subject matter of the litigation in *In re Price*. *Id.* Finally, the parties to the prior action, Price and the Committee on Bar Admissions of the Supreme Court of Louisiana, are identical to those in the current action. *Id.* The Committee is under the exclusive control of the Louisiana Supreme Court and, therefore, the Louisiana Supreme Court too was a party to the first action. LA. SUP. CT. R. XVII § 1. Thus, the parties in this action, Price, the Committee, and the Louisiana Supreme Court, are the same as in the previous state court decisions. *In re Price* 2011-1098 (La. 6/22/11); *In Re Price* 2011-1098 (La. 7/8/11). Because the three factors of Louisiana's doctrine of *res judicata* are met, the determination of the Louisiana Supreme Court is a valid and final judgment barring subsequent litigation arising from the denial of the Louisiana Supreme Court and the Committee to admit Price to the Louisiana State bar. LA. REV. STAT. ANN. § 13:4231.

### III. Conclusion

Accordingly,

IT IS ORDERED that the motion to dismiss filed by the Supreme Court of Louisiana and Committee on Bar Admissions of the Supreme Court of Louisiana is GRANTED. (Rec. Doc. 5).

New Orleans, this 15th day of February, 2012.

Judge Helen G. Berrigan